Barron L. Weinstein, (SBN 67972)
BLANK ROME LLP
2029 Century Park East
Los Angeles, CA 90067
Telephone:    (424) 239-3400
Facsimile:    (424) 239-3434
Email: barry.weinstein@blankrome.com

Jeffrey L. Schulman (*pro hac vice* to be filed)
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone:    (212) 885-5145
Facsimile:    (212) 885-5001
Email: jeffrey.schulman@blankrome.com

*Attorneys for The Roman Catholic
Archbishop of San Francisco*
(additional counsel listed on signature page)

Andrew D. Telles Wyatt (SBN 316740)
DENTONS US LLP
4675 MacArthur Court, Suite 1250
Newport Beach, California 92660
Telephone: (949) 732-3700
Email: andrew.wyatt@dentons.com

Natalie M. Limber (SBN 304252)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Email: natalie.limber@dentons.com

Keith Moskowitz (admitted *pro hac vice*)
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Email: keith.moskowitz@dentons.com

*Attorneys for St. Paul Fire and Marine Insurance
Company; Travelers Casualty and Surety Company*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY AND TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, a corporation sole,<br><br>Defendant. | Case No. 3:25-cv-09314-RFL (Related Case)<br>Case No. 3:26-cv-01138-RFL<br><br>Hon. Rita F. Lin<br><br>**UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:        April 21, 2026<br>Location:  Courtroom 15 – 18th Floor<br>Time:       2:00 pm |

Plaintiffs St. Paul Fire and Marine Insurance Company ("St. Paul") and Travelers Casualty and Surety Company ("Travelers") (collectively "Plaintiffs") and Defendant The Roman Catholic Archbishop of San Francisco ("RCASF"), the debtor and debtor in possession in the underlying chapter 11 case (the "RCASF" or the "Debtor") submit this Joint Case Management Statement pursuant to the March 6, 2026, Clerk's Notice Setting Zoom Hearing [ECF No. 7].

## 1. **JURISDICTION AND SERVICE**

The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 157 and 1334.

## 2. **FACTS**

**Plaintiffs' Statement**:

Plaintiffs filed this adversary proceeding seeking declaratory relief regarding coverage for the claims tendered to Plaintiffs arising out of coordinated proceedings styled *In re Northern California Clergy Cases*, JCCP No. 5108, pending in Alameda County Superior Court (the "Underlying Actions") under primary and excess insurance policies Plaintiffs issued to RCASF.

On August 21, 2023, RCASF filed for relief under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 1101 *et seq.*, in the United States Bankruptcy Court for the Northern District of California, Case No. 23-30564 (the "Bankruptcy Action"). RCASF filing the Bankruptcy Action triggered an automatic stay of all Underlying Actions pending against RCASF. The bankruptcy court subsequently lifted the automatic stay as to a limited set of "Released Cases." The actions brought by two claimants in the Released Cases pending in California Superior Court, San Francisco County, *John Doe SF 1013 v. Doe 1, a Religious Corporation Sole, et al.*, Case No. CGC-20-583648 and *John SF-1 Doe v. Doe 1, a California Corporation Sole, et al.*, Case No. CGC020-584162, resolved through a settlement funded by insurers, including St. Paul, which contributed to the settlement of these cases subject to their rights under *Buss v. Superior Court*, 16 Cal. 4th 35 (1997) and *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal. 4th 489 (2001), to seek reimbursement of their contribution to the settlement. RCASF filed a Motion to Approve Compromise and Settlement Agreement with John Doe SF-1013 and John SF-1 Doe in the Bankruptcy Court set for hearing on March 26, 2026. (Bankruptcy Action Dkt. No. 1639.) The Bankruptcy Court's approval of this motion will trigger St. Paul's obligation to fund the settlements under its insurance policies issued to RCASF.

The discrete coverage issues raised in Plaintiffs' Complaint, including coverage for claims involving alleged abuse by Father Joseph Pritchard and claims RCASF released Plaintiffs from pursuant to a prior settlement agreement, are ripe for immediate adjudication before this Court since the material facts relevant to those issues were already adjudicated and are not being actively litigated

in the Underlying Actions. The insurers' settlement of the *John Doe SF-1013* and *John SF-1 Doe* cases confirm there is a present controversy regarding coverage under Plaintiffs' insurance policies issued to RCASF. Litigating these issues here does not create any potential prejudice to RCASF regarding the issues pertinent to those cases.

**RCASF's Statement**:

On August 21, 2023, RCASF filed for relief under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 1101 *et seq.*, in the United States Bankruptcy Court for the Northern District of California. C.A. No. 23-30564. The filing was driven by RCASF's financial and logistical inability to "litigate the multitude of [sexual] abuse claims on multiple timelines," following the enactment of California Assembly Bill No. 218, which revived previously time-barred claims. BR Dkt. 14, ¶ 8, 53. At the time of the Petition, approximately 537 lawsuits were pending against RCASF, alleging sexual abuse by clergy and RCASF-affiliates. *Id.*, ¶ 53. RCASF estimated that initial demands could exceed $2 million per claim, potentially exposing it to liabilities "exceed[ing] its available assets, depending on insurance coverage." *Id.* at 15 ¶ 16.

One such insurance asset are the policies issued by Travelers. Rather than awaiting resolution of the underlying claims to assess its obligations, Travelers initiated this adversary proceeding—more than two years after RCASF filed its bankruptcy—asserting that it has no present obligation to defend or indemnify. RCASF disputes this contention but respectfully submits that all discovery and other deadlines should be adjourned until after the adjudication of RCASF's pending stay or dismissal motion set for hearing on March 11, 2026 in the related Westport action (the "Stay Motion"), following which, RCASF may make a similar motion in this case.

3. **LEGAL ISSUES**

**Plaintiffs' Statement**:

Plaintiffs identify the following disputed legal issues:

1. Whether Plaintiffs owe a duty to defend or indemnify RCASF for claims involving alleged abuse by Father Joseph Pritchard;

2. Whether RCASF released Plaintiffs from coverage as to a limited set of claims through the 2005 settlement referenced in Plaintiffs' Complaint;

3. Whether alleged injuries constitute an "occurrence";

4. Whether alleged injuries happened during the effective policy periods of Plaintiffs' policies issued to RCASF;

5. As to the Travelers excess policies, whether RCASF can demonstrate exhaustion of underlying insurance;

6. Whether RCASF complied with conditions precedent and other policy terms; and

7. Whether St. Paul is entitled to reimbursement for defense fees incurred and amounts paid toward the settlements in the *John Doe SF-1013* and *John SF-1 Doe* cases.

**RCASF's Statement**:

RCASF agrees that the disputed legal issues may ultimately involve Travelers' contractual obligations to defend and indemnify RCASF in connection with underlying lawsuits alleging sexual misconduct. RCASF respectfully submits that all discovery and other deadlines should be adjourned until after the adjudication of RCASF's pending Stay Motion in the related Westport action, following which, RCASF may make a similar motion in this case.

### 4. MOTIONS

**Plaintiffs' Statement**:

Prior Motions:

Plaintiffs moved to withdraw the reference; RCASF did not oppose, and the reference was withdrawn.

Anticipated Motions:

Plaintiffs anticipate filing a dispositive motion as to Plaintiffs' having no obligations previously released in the 2005 settlement and having no obligations for claims involving allegations of abuse by Father Joseph Pritchard that happened, at a minimum, after December 31, 1973. St. Paul anticipates filing a dispositive motion that it is entitled to reimbursement for defense fees incurred and amounts paid toward the settlements in the *John Doe SF-1013* and *John SF-1 Doe* cases.

**RCASF's Statement**:

RCASF anticipates filing a motion to stay or, in the alternative, to dismiss this action.

Ultimately, the extent to which Travelers has a duty to defend RCASF in connection with the underlying claims can be resolved on summary judgment. However, RCASF respectfully submits that all discovery and other deadlines should be adjourned until after the adjudication of RCASF's pending Stay Motion in the related Westport action, following which, RCASF may make a similar motion in this case.

### 5. AMENDMENT OF PLEADINGS

**Plaintiffs' Statement**:

Plaintiffs anticipate filing an amended complaint to address the recent settlements in *John Doe SF-1013* and *John SF-1 Doe* cases and St. Paul's reimbursement claims.

**RCASF's Statement**:

RCASF anticipates filing a motion to stay and will attach a proposed answer in the event the motion is denied in its entirety. In the interim, RCASF and Plaintiffs agreed to extend RCASF's time to respond to the Complaint until May 21, 2026. If the motion is denied in its entirety, RCASF may file an amended responsive pleading. RCASF will meet and confer with Plaintiffs regarding the timing of its anticipated motion or other responsive pleading.

### 6. EVIDENCE PRESERVATION:

The Parties reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have taken reasonable and proportionate steps to preserve relevant evidence.

### 7. DISCLOSURES:

No Rule 26(a)(1) disclosures have been made to date. RCASF and Plaintiffs agreed to extend RCASF's time to respond to the Complaint until May 21, 2026. The Parties respectfully submit that all discovery and other deadlines should be adjourned until after the adjudication of RCASF's pending Stay Motion in the related Westport action, and if needed, after a similar motion in this case.

### 8. DISCOVERY:

No formal discovery has been taken due to the bankruptcy stay and the relatedness and withdrawal-of-reference processes. The Parties respectfully submit that no discovery should be taken until the pending stay issues are decided.

**9.  CLASS ACTIONS:**

Not applicable

**10. RELATED CASES:**

As per a March 4, 2026, Related Case Order, the Westport Adversary Proceeding is deemed related to this case.

**11. RELIEF**

**Plaintiffs' Statement**:

Plaintiffs seek declaratory relief that they have no duty to defend or indemnify RCASF for the hundreds of clergy abuse claims against RCASF in the Bankruptcy Action, which include the Underlying Actions.  Plaintiffs seek resolution of discrete coverage issues to determine their rights and obligations under the primary and excess policies issued to RCASF and whether St. Paul is entitled to reimbursement for defense fees incurred and amounts paid toward the settlements of the *John Doe SF-1013* and *John SF-1 Doe* cases.

**RCASF's Statement**:

RCASF is not yet in a position to determine the extent of the relief to which it may be entitled from Travelers.  At the appropriate time, RCASF may seek declarations regarding Plaintiffs' duties to defend and indemnify RCASF.  RCASF may also assert causes of action sounding in breach of contract and for bad faith.

**12. SETTLEMENT AND ADR**

**Plaintiffs' Statement**:

The parties are engaged in mediation efforts in the Bankruptcy Action.  Plaintiffs support continued mediation and see the adjudication of targeted coverage issues as necessary to enable meaningful valuation of the remaining Released Cases and to avoid prejudicing Plaintiffs by requiring it to fund defense and settlement without a coverage determination.  Adjudication of these issues will promote mediation between the parties as it will clarify the parties' obligations regarding claims involving the coverages issues raised in Plaintiffs' Complaint, and such clarity regardless of outcome will facilitate the parties' abilities to reach a settlement.

/ / /

**RCASF's Statement**:

The parties are engaged in ongoing mediation efforts within the bankruptcy case. RCASF supports continued mediation and asserts that coverage litigation during the pendency of that mediation will hinder those efforts. RCASF further asserts that, under California law, the duty to indemnify cannot and should not be adjudicated until the underlying matters are resolved.

**13. OTHER REFERENCES**

The Parties do not believe referral to a special master, binding arbitration, or the Judicial Panel on Multidistrict Litigation is appropriate at this time.

**14. NARROWING OF ISSUES**

**Plaintiffs' Statement**:

The parties' rights and responsibilities as to the following issues are, at a minimum, ripe for immediate adjudication without the need for development of any material facts in any Underlying Actions:

1. Whether injuries arising from alleged abuse by Father Pritchard constitute an "occurrence" considering the prior jury verdict that "the Archbishop of San Francisco, by December 31, 1973, kn[e]w or ha[d] reason to know, or was . . . otherwise on notice, that Father Joseph Pritchard had committed unlawful sexual conduct . . ."

2. Whether RCASF release Plaintiffs from coverage for certain claims through the 2005 settlement agreement referenced in Plaintiffs' Complaint; and

3. Whether St. Paul is entitled to reimbursement for defense fees incurred and amounts paid toward the settlements of the *John Doe SF-1013* and *John SF-1 Doe* cases.

Resolution of these issues will clarify Plaintiffs' coverage obligations, facilitate mediation, and advance valuation in the Bankruptcy Action.

**RCASF's Statement**:

RCASF respectfully submits that consideration of how to narrow issues cannot meaningfully be assessed until the stay motions in the related cases are decided.

/ / /

/ / /

### 15. SCHEDULING

**Plaintiffs' Statement**:

With this action being newly related to the Westport Action, Plaintiffs respectfully request an opportunity to meet and confer with Westport and RCASF regarding scheduling following the Court's resolution of pending stay issues.

**RCASF's Statement**:

RCASF respectfully submits that all discovery and other deadlines should be adjourned until after the adjudication of RCASF's pending Stay Motion in the related Westport action, following which, RCASF may make a similar motion in this case.

### 16. TRIAL

**Plaintiffs' Statement**:

Plaintiffs included a request for jury trial in their Complaint. Plaintiffs estimate the length of trial will be approximately 5-7 court days. Plaintiffs respectfully request an opportunity to evaluate timing of when the parties anticipate being ready for trial following the Court's resolution of the pending stay issues.

**RCASF's Statement**:

RCASF's responsive pleadings will include demands for a jury trial. RCASF cannot presently anticipate the length of any such trial given the uncertainty regarding the number of insurers that may be involved, the coverage issues implicated and the number of underlying claims for which coverage is sought.

### 17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs and RCASF filed their Corporate Disclosure Statements.

Dated: April 14, 2026

                    **DENTONS US LLP**

                    By: */s/ Andrew D. Telles Wyatt*
                    Andrew D. Telles Wyatt
                    Natalie M. Limber
                    Keith Moskowitz

UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT
US_ACTIVE\132496954\V-4

*Attorneys for St. Paul Fire and Marine Insurance Company; Travelers Casualty and Surety Company*

**BLANK ROME LLP**

By: */s/ Jeffrey L. Schulman*
Barron L. Weinstein, State Bar No. 67972
2029 Century Park East
Los Angeles, CA 90067
Telephone:(424) 239-3400
Facsimile: (424) 239-3434
Email:     barry.weinstein@blankrome.com

Jeffrey L. Schulman (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone:(212) 885-5145
Facsimile: (212) 885-5001
Email:     jeffrey.schulman@blankrome.com

-and-

**FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP**

Paul J. Pascuzzi, State Bar No. 148810
Jason E. Rios, State Bar No. 190086
Mikayla E. Kutsuris, State Bar No. 339777
500 Capitol Mall, Suite 2250
Sacramento, California 95814
Telephone:(916) 329-7400
Facsimile: (916) 329-7435
Email:     ppascuzzi@ffwplaw.com
           jrios@ffwplaw.com
           mkutsuris@ffwplaw.com

*Attorneys for The Roman Catholic Archbishop of San Francisco*

## FILER'S ATTESTATION

Pursuant to Local Civil Rule 5-1(i)(3) regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from its signatories.

Dated: April 14, 2026

*/s/ Andrew D. Telles Wyatt*
Andrew D. Telles Wyatt

Case No. 3:26-cv-01138-WHO
UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

US_ACTIVE\132496954\V-4